**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  PACIFIC THOMAS CORPORATION, DBA Pacific Thomas Capital, DBA Safe Storage,  Debtor,  _____  KYLE EVERETT, Chapter 11 Trustee,  Plaintiff-Appellee,  v.  RANDALL C.M. WHITNEY; et al.,  Defendants-Appellants. | No.    16-16047  D.C. No. 3:14-cv-03465-MMC  MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, District Judge, Presiding

Argued and Submitted March 15, 2018
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: PAEZ and IKUTA, Circuit Judges, and ADELMAN,[**] District Judge.

Randall Whitney, Jill Worsley, and Pacific Trading Ventures, LLC (PTV), appeal the district court's order affirming the bankruptcy court judgment. The bankruptcy court judgment ordered the turnover of money to the estate from PTV. The bankruptcy court based its turnover order on the court's conclusion that a 2005 lease agreement between PTV and the debtor, Pacific Thomas Corporation (PTC), was invalid. We have jurisdiction under 28 U.S.C. § 158(d)(1).

Although the bankruptcy court held that the 2005 lease agreement was void because PTC and PTV did not operate under the lease agreement, the bankruptcy court did not cite any California contract law or state court decision supporting its conclusion that a contract is void if the parties to the contract fail to implement it. Nor did the trustee propose a legal theory at trial that would support such a conclusion.

On appeal, the trustee identifies two legal theories to support the bankruptcy court's order: (1) the lease agreement was a sham contract, and thus void from the beginning, or (2) PTC and PTV mutually rescinded the lease. The bankruptcy court did not make the factual findings necessary to support either theory. First,

_____

[**]     The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

the bankruptcy court did not find that PTC and PTV entered into the lease agreement with an intent to deceive a third party, as required to invalidate a contract as a sham. *See FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 401 n.18 (1991). Second, the bankruptcy court did not find that PTC and PTV's acts and conduct established they had a mutual and unequivocal intent to rescind, as required under California's law of contract rescission. *See Pennel v. Pond Union Sch. Dist.*, 29 Cal. App. 3d 832, 837 (1973). Therefore, we vacate the district court's order affirming the bankruptcy court and remand to the district court with instructions to vacate the bankruptcy court's order and remand to the bankruptcy court to determine whether the parties' various lease agreements (the 2005 lease, the 2008 lease, the 2010 extension, and the 2012 amendment) are void under principles of California contract law.

Because the bankruptcy court will need to engage in a new inquiry into the validity of the lease agreements, we take this opportunity to provide additional guidance concerning the issues to be addressed on remand. If the bankruptcy court holds that some or all of the lease agreements were valid, but later terminated by the trustee, the court must determine PTV's entitlement to postpetition rents paid before the date of termination. Alternatively, if the bankruptcy court determines that the lease agreements were invalid from their inception, it must correct its error

in calculating the extent to which PTV's right to reimbursement under the management agreement affects any turnover award. Because the "trustee has the burden of proving the estate is entitled to a turnover," *In re Jacobson*, 676 F.3d 1193, 1200–01 (9th Cir. 2012), the bankruptcy court erred by holding that PTV provided insufficient evidence of operating expenses, which effectively placed the burden of proving entitlement to operating expenses on PTV.[1]

**VACATED and REMANDED**[2]

---

[1] Appellants also argue that the bankruptcy court erred in denying their motion to dismiss the trustee's complaint. We do not review the denial of a motion to dismiss when the case ultimately proceeds to trial. *See Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006).

[2] Each party will bear its own costs on appeal.